## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALICIA WEDDLE, as Personal )
Representative of the Estate of )
JOSEPH GONZON, Deceased, )
                            )
         Claimant/Appellant, )
                            )
       v. )           C.A. No. N18A-06-004 ALR
                            )
BP AMOCO CHEMICAL )
COMPANY, )
                            )
         Employer, Appellee. )

Submitted: May 29, 2019
Decided: June 13, 2019

***Upon Application for Attorneys' Fees and Alternatively
Motion to Modify or Amend the Judgment***
**DEFERRED in Part and GRANTED in Part**

## ORDER

Upon consideration of the Application for Attorneys' Fees and Alternatively the Motion to Modify or Amend the Judgment filed by Claimant/Appellant Alicia Weddle, as Personal Representative of the Estate of Joseph Gonzon, Deceased ("Claimant"); the Response thereto filed by Employer/Appellee BP Amoco Chemical Company ("Employer"); the Superior Court Rules of Civil Procedure; the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.    Claimant/Appellant applies for an attorneys' fee award following a successful Superior Court appeal from an Industrial Accident Board ("IAB") decision pursuant to 19 *Del. C.* § 2350(f).  In that appeal, the Court reversed the IAB's dismissal of the workers' compensation petition filed on behalf of the late Joseph Gonzon and remanded the matter to the IAB for determination on the merits.[1] Alternatively, Claimant requests this Court modify or amend its decision pursuant to Superior Court Civil Rule of Procedure 59(d) to retain jurisdiction over this application for attorneys' fees pending the final decision of the IAB on remand.

2.    Pursuant to 19 *Del. C.* § 2350(f), the Superior Court has discretion to award reasonable attorneys' fees for an appeal from an IAB decision "where claimant's position in the hearing before the [IAB] is affirmed on appeal."[2]  "The legislative intent behind the statute creates a right for a successful claimant to obtain attorneys' fees for the time spent preparing for the appeal from an unfavorable [IAB] decision."[3]

3.    In addressing the issue of what constitutes an affirmance of the claimant's position before the IAB, the Court explained that "in cases where the claimant is the appellant, the claimant must have pursued the specific position they

---

[1] *Weddle v. BP Amoco Chem. Co.*, 2019 WL 1896503 (Del. Super. Apr. 26, 2019).
[2] 19 *Del. C.* § 2350(f).
[3] *Elliott v. State*, 2012 WL 7760033, at *1 (Del. Super. Dec. 24, 2012).

are arguing on appeal at the [IAB] proceeding."[4]  The particular action taken by the Court on appeal, whether it is remanding, reversing, or requesting clarification from the IAB, is not the determining factor.  Rather, it is this Court's affirming of a claimant's position before the IAB that determines whether the Court will grant attorneys' fees.[5]

4.      Where, as occurred here, the Court finds in favor of a claimant due to the IAB's legal error and reverses the IAB's decision, "the claimant may seek attorneys' fees without waiting until the final outcome of the case."[6]  Nevertheless, in the interest of judicial economy and the avoidance of piecemeal appellate practice, the Court has declined to act on an application for attorneys' fees where there has not yet been a final decision of the IAB.[7]

5.      In the interest of judicial economy, deferral of an award of attorneys' fees pursuant to 19 *Del. C.* § 2350(f) is appropriate.  To ensure the parties' rights are properly preserved, the Court will modify its April 26, 2019 Opinion to clarify that the Superior Court retains jurisdiction of the matter for consideration of an award of attorneys' fees pursuant to 19 *Del. C.* § 2350(f).

---

[4] *Murtha v. Continental Opticians, Inc.*, 729 A.2d 312, 317-318 (Del. Super. 1997).
[5] *Elliott*, 2012 WL 7760033, at * 2.
[6] *Id.*
[7] *Holben v. Pepsi Bottling Ventures, LLC*, 2019 WL 549036, at *1 (Del. Super. Feb. 11, 2019) (citing *Murtha*, 729 A.2d at 320).

3

**NOW, THEREFORE,** this 13th day of June, 2019, Claimant's application for attorneys' fees in this Court is **DEFERRED** until the IAB performs its function on Remand. The Court's April 26, 2019 Opinion is hereby **MODIFIED** to clarify that the Superior Court retains jurisdiction over this application for attorneys' fees pending the final decision of the IAB on Remand.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**